**James E. BANDLOW; et al., Plaintiffs—Appellants,**

v.

**Lynne CADIGAN, aka Hardin & Cadigan; et al., Defendants— Appellees.**

No. 02–16802.

D.C. No. CV–99–00326–DCB.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 25, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM**

James E. Bandlow and Joanne M. Bandlow appeal pro se the summary judgment dismissing their diversity action against their former attorneys alleging various state law tort and contract claims arising out of attorney Cadigan's representation during, and withdrawal from, their Arizona state court case which was dismissed before trial. We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo, and may affirm on any

** This disposition is not appropriate for publication and may not be cited to or by the

ground supported by the record. *Cigna Prop. and Cas. Ins. Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 418 (9th Cir.1998). We affirm.

■ The Bandlows contend that Cadigan's withdrawal was improper and Cadigan should be held liable for the dismissal of the underlying case. This contention fails because the record shows that Cadigan's court-approved withdrawal, which relieved her of her duty to represent the Bandlows in the state court action, occurred several months before the dismissal of the case. *See In re Weiner,* 120 Ariz. 349, 586 P.2d 194, 197 (1978) ("The attorney-client relationship is an ongoing relationship giving rise to a continuing duty to the client unless and until the client clearly understands, or reasonably should understand, that the relationship is no longer to be depended on"). Any contentions relating to the propriety of Cadigan's withdrawal fail because the Bandlows concede they are not challenging the state court withdrawal proceeding.

■ Furthermore, contrary to the Bandlows' contentions, the record shows that there was no genuine issue of material fact regarding their claims that Cadigan acted improperly during her representation of the Bandlows. *See Martinez v. Stanford,* 323 F.3d 1178, 1183 (9th Cir. 2003) (holding that regardless of whether plaintiff responded to the motion for summary judgment, this court may affirm where the defendants show there is no genuine issue of material fact). Summary judgment on these claims is appropriate, because the record shows the Bandlows failed to provide expert testimony necessary to establish legal malpractice. *See Asphalt Eng'rs, Inc. v. Galusha,* 160 Ariz. 134, 770 P.2d 1180, 1182–83 (1989) (dis-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cussing general rule that expert testimony is necessary to establish legal malpractice, and finding this requirement excused only where conduct is grossly apparent or egregious).

The Bandlows' remaining contentions, including those related to the alleged failure of service of a portion of the second summary judgment motion, lack merit.

**AFFIRMED.**

---

* The Honorable Donald Pogue, U.S. Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.